## Accurate Professional Services LLC
11100 Lynport Ct
Midlothian, VA 23112
apsnotary@gmail.com
(804)339-5691

| (1) Plaintiff | Charles A. Abbott, III, Amy A. Gibson | Region | Eastern District of Virginia |
|---|---|---|---|
| (2) Defendant | Elizabeth P. Sykes | Court | United States Bankruptcy Court |
| (3) Serve | Deborah Boschen | Case # | 14-03088-KRH |
| Address: | 3725 Kenmore Road | Return Date: | September 24, 2014 |
| City: | Richmond | Court Date: | |
| State: | VA | Document Served | Subpoena to Produce Documents |
| Zip | 23225 | | |

I, Server Name Matthew D Martell, _____ (Signature), the Process Server, hereby certify under penalty of perjury that I am over the age of 18 and not a party to the proceeding or otherwise interested in the subject matter in controversy. I further certify that on:

Served Date: __9-4-14__     Time: __1:38__ AM/PM

**I served a __Subpoena to Produce Documents__ on the person named in (3) above: Deborah Boschen**

- o  (**Personal**) By delivering a copy of the above-described process in writing to him/her in person
- o  (**Sub.**) Being unable to make personal service and not finding the above mentioned person at his/her usual place of abode by delivering a copy of the said process and giving information of its purport at his/her usual place of abode _____ who is a member of his/her family and is the _____ of the above mentioned person, other than a temporary sojourner or guest and who is of the age of 16 years or older.
- ✓  (**Posted**) Being unable to make personal service and not finding the above mentioned person at his/her usual place of abode nor any member of his/her family the age of 16 years or older at said abode by posting a copy of such process at the front door or at such other door as appears to be the main entrance of such place of abode.
- o  (**Business**) At usual place of business or employment during business hours, by delivering the above specified paper(s) and giving information as to its purports to the person found there in charge of such business or place of employment. Name of person I found in charge: _____
- o  Copy mailed to judgment debtor on the date listed above after serving the garnishee.
- o  Certified Mail
- o  Not Found
- o  Served on Secretary of Commonwealth

Notary

LAUREN M EDWARDS
NOTARY PUBLIC 7594493
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES OCTOBER 31, 2018

State of Virginia, City/County of __Chesterfield__

I the undersigned a Notary in and for the above mentioned jurisdiction, hereby certify that the foregoing was subscribed and sworn to me by the Process Server named above,
This __6__ day of __September__ 2014.

__Lauren M Edwards__  My Commission Expires: __10/31/2018__

**Comments Below:**

1ST Attempt _____  2nd Attempt _____  3rd Attempt _____

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

__Eastern__ District of __Virginia__

In re __Elizabeth P. Sykes__
Debtor

Case No. __14-30733-KRH__

*(Complete if issued in an adversary proceeding)*

Chapter __13__

__Charles A. Abbott, III, Amy A. Gibson__
Plaintiff

v.

Adv. Proc. No. __14-03088-KRH__

__Elizabeth P. Sykes__
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  __Deborah Boschen - 3725 Kenmore Road, Richmond, Virginia 23225__
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: [See Exhibit A attached hereto]

| PLACE Sands Anderson PC, 1111 E. Main St., Suite 2400, Richmond, VA | DATE AND TIME September 24, 2014 at 10:00 a.m. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __September 3, 2014__

CLERK OF COURT

OR _Annemarie Cleary_ (signature)

*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Charles A. Abbott, III and Amy A. Gibson__, who issues or requests this subpoena, are:
Annemarie D. Cleary, P. O. Box 1998, Richmond, VA 23219; acleary@sandsanderson.com; 804-648-1636

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply

*(2) Command to Produce Materials or Permit Inspection.*

 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.

 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## Exhibit A

1. All bank records, statements, payment information, or other documents from January 1, 2011, to the present related to all bank or other financial accounts in which Populuxe, Inc. had an interest.

2. All documents which reflect how funds loaned to Populuxe by Mr. Abbott and Ms. Gibson were used.

3. Copies of all loan applications, loan agreements and other transactions Populuxe entered into between January 1, 2011 and the filing of the petition for bankruptcy in this matter.

4. Copies of all financial information, reports or other documents provided to Mr. Abbott and/or Ms. Gibson by or on behalf of Populuxe between January 1, 2011 and the filing of the petition for bankruptcy in this matter.

5. All financial information and reports generated on or after January 1, 2011, or otherwise covering the time periods of January 1, 2011 and after, which relate to the finances of Populuxe.

6. All promissory notes or other documents evidencing amounts loaned to Populuxe by Mr. Abbott and Ms. Gibson.

7. All documents which relate to or evidence payments made by Populuxe and/or Ms. Sykes to Mr. Abbott and/or Ms. Gibson in repayment of money loaned to Populuxe.

8. All accounts payable records of Populuxe for the time period of January 1, 2011 to the present.

9. All statements of assets and/or liabilities and related documents of Populuxe for the time period of January 1, 2011, to the present.

10. All tax returns prepared and/or filed for or by Populuxe, from January 1, 2011 to the present.

11. All income statements, balance sheets and other financial records of Populuxe from January 1, 2011 to the present.

12. All written correspondence, reports and/or other documents or information exchanged by and between Populuxe, on the one hand, and Mr. Abbott, Ms. Gibson and/or Ms. Victoria Abbott, on the other hand, from January 1, 2011 to the present, pertaining to the financial condition of Populuxe.

13. All payroll, salary, or wage records and/or other documents identifying compensation paid by Populuxe to any of its employees from January 1, 2011 to the present.

14. All documents relating to the source of all funds, income, compensation, gifts, or other assets received by Populuxe since January 1, 2011, whether such involve Mr. Abbott and/or Ms. Gibson or another person or entity.

15. All correspondence and other documents exchanged between Populuxe and Mr. Abbott, Ms. Gibson and/or Ms. Victoria Abbott from January 1, 2011, which pertain to the matters addressed in the Complaint or Ms. Sykes' Answer, including but not limited to, the loans to Populuxe and/or Populuxe's financial condition at the time of the loans by Mr. Abbott and Ms. Gibson.

16. All bank account statements, depository statements, wires, cancelled checks, wire instructions and/or summaries involving Populuxe from January 1, 2011 to the present.

17. All documents relating to the purchase of your interest in Populuxe.